**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PAUL SOTIRAKIS,**

     **Plaintiff,**

**v.**                      **Case No:**

**RECOVERY ONE and SAFE**
**STEP WALK IN TUB, LLC** ,

     **Defendants.**
                                   **DEMAND FOR JURY TRIAL**

_____/

### PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **PAUL SOTIRAKIS** ("Mr. Sotirakis" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**s, RECOVERY ONE** ("Debt Collector") and **SAFE STEP WALK IN TUB, LLC** ("Debt Owner") (collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such alleged Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Mr. Sotirakis' Cellular Telephone after Mr. Sotirakis

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **1** of 26

demanded that Defendant stop calling his Cellular Telephone, using abusive language to collect the alleged Debt, calling Mr. Sotirakis in attempts to collect the alleged Debt when Defendant's knew that Mr. Sotirakis was  represented  by counsel with respect to the alleged Debt, calling Mr. Sotirakis' family members and friends in attempts to collect the alleged Debt, and by misrepresenting the alleged Debt as collectible when Defendants knew the product sold to Mr. Sotirakis was defective, which can all reasonably be expected to harass Mr. Sotirakis.

### *Jurisdiction and Venue*

2.     This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA and the FDCPA pursuant to 28 U.S.C. § 1331.

3.     Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.     Plaintiff, Mr. Sotirakis, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.     Further, Mr. Sotirakis is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **2** of **26**

6.     Mr. Sotirakis is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 702-***-1009 ("Mr. Sotirakis' Cellular Telephone").

7.     At all times material hereto, Debt Collector was and is a corporation with its principle place of business in the State of OH and its registered agent, Noremac Enterprises, LLC, located at 3240 W. Henderson Road, Columbus, Ohio 43220.

8.     Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

9.     At all times material hereto, Debt Owner was and is a corporation with its principle place of business in the State of TN and its registered agent, Corporate Creations Network, Inc., located at 11380 Prosperity Farms Road, #221E, Palm Beach Gardens, FL 33410.

10.    At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Sotirakis' alleged debt.

11.    At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Sotirakis' alleged debt for Debt Owner.

12.    As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **3** of **26**

13.     Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Sotirakis' information.

14.     Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Sotirakis' information into Debt Owner's sales or customer systems.

15.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

16.     Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collector to use when calling Mr. Sotirakis.

17.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's TCPA, FDCPA, and FCCPA violations when communicating with Mr. Sotirakis with respect to the alleged Debt and Debt Owner failed to stop such violations by Debt Collector.

18.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Sotirakis' debt on behalf of Debt Owner.

### *Statements of Fact*

19.     Mr. Sotirakis purchased a special bathtub from Debt Owner ("Product") for his elderly grandmother ("Mr. Sotirakis' Grandmother").

20.     Shortly after the Product was installed, Mr. Sotirakis' Grandmother tripped and fell on the Product's door entry mechanism and suffered a broken ankle.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **4** of 26

21.     Mr. Sotirakis called Debt Owner and told them what had happened and demanded Debt Owner remove the defective Product and return the payment for the Product.

22.     Debt Owner refused to accept a return of the defective Product and refused to give Mr. Sotirakis a refund for the defective Product.

23.     Mr. Sotirakis then requested a refund for the payment towards the Product from this credit card company, which was granted.

24.      Mr. Sotirakis thereby incurred an alleged outstanding balance owed for the Product ("Debt").

25.     Sometime thereafter, Debt Owner sold, assigned, or transferred the alleged Debt to Debt Collector for collection purposes.

26.     In or around December of 2017, Debt Collector began placing calls to Mr. Sotirakis' Cellular Telephone in attempts to collect the Debt.

27.     On or around December 8, 2017, Debt Collector sent a collection letter directly to Mr. Sotirakis in connection with the collection of the alleged Debt ("Collection Letter 1"). *See* **Exhibit A.**

28.     Collection Letter 1 was addressed to Mr. Sotirakis, a due date of "immediately," a total amount due of $12,847.00, a statement that "this is an attempt to collect the debt and any information will be used for that purpose," and options for payment including pay by phone, pay online, or pay by mail using the payment coupon included therein. *See* **Exhibit A.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **5** of **26**

29.     In or around March 2018, Mr. Sotirakis spoke with Debt Collector and told Debt Collector that the Product was defective and that Mr. Sotirakis refused to pay for the Product and demanded Debt Collector stop calling his Cellular Telephone.

30.     During that same conversation, Mr. Sotirakis also provided his attorney's contact information with respect to the legal issues involving the Product ("Attorney") and told Debt Collector to direct all further communication to his Attorney.

31.     Despite Mr. Sotirakis' demands that Debt Collector's calls stop and despite Debt Collector having actual knowledge that Mr. Sotirakis was represented by the Attorney with respect to the alleged Debt, Debt Collector continued to place calls directly to Mr. Sotirakis' Cellular Telephone in attempts to collect the Debt.

32.     Debt Collector went as far as to call Mr. Sotirakis Cellular Telephone using spoofed phone numbers to trick him into answering their calls.

33.     During one of Debt Collector's spoofed calls to Mr. Sotirakis' Cellular Telephone, Debt Collector threatened to ruin Mr. Sotirakis' credit if he did not pay the alleged Debt.

34.     Debt Collector also used its spoof calling to call Mr. Sotirakis' mother's cellular telephone at 702-***-2727 ("Mr. Sotirakis' Mother's Cellular Telephone") in attempts to collect the alleged Debt.

35.     Debt Collector even used the spoof calling to call Mr. Sotirakis' accountant's cellular telephone at 727-***-3429 ("Mr. Sotirakis' Accountant's Cellular Telephone") in attempts to collect the alleged Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **6** of 26

36.     Debt Collector has called Mr. Sotirakis' Cellular Telephone at least twenty (20) times during the time period from March of 2018 to the present date.

37.     Debt Collector's called Mr. Sotirakis' Cellular Telephone from several different telephone numbers.

38.     All of Debt Collector's calls to Mr. Sotirakis' Cellular Telephone were placed in an attempt to collect the Debt.

39.     All of Debt Collector's calls to Mr. Sotirakis' mother and accountant were placed in an attempt to collect the Debt.

40.     Defendants have harassed Mr. Sotirakis due to the timing and frequency of Defendant's calls.

### *Count 1: Violation of the Telephone Consumer Protection Act (as against Debt Collector)*

41.     Mr. Sotirakis re-alleges paragraphs 1- 40 and incorporates the same herein by reference.

42.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

43.     Mr. Sotirakis revoked consent to have Debt Collector call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page 7 of 26

voice or prerecorded message when he expressly told Debt Collector to stop calling him in March of 2018.

44.     Despite this revocation of consent, Debt Collector thereafter called Mr. Sotirakis' Cellular Telephone at least twenty (20) times.

45.     Debt Collector did not place any emergency calls to Mr. Sotirakis' Cellular Telephone.

46.     Debt Collector willfully and knowingly placed non-emergency calls to Mr. Sotirakis' Cellular Telephone.

47.     Mr. Sotirakis knew that Debt Collector called Mr. Sotirakis' Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Debt Collector on his cellular telephone before a live representative of Debt Collector came on the line.

48.     Mr. Sotirakis knew that Debt Collector called Mr. Sotirakis' Cellular Telephone using a prerecorded voice because Debt Collector left Mr. Sotirakis at least one voicemail using a prerecorded voice.

49.     Debt Collector used an ATDS when it placed at least one call to Mr. Sotirakis' Cellular Telephone.

50.     Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Mr. Sotirakis' Cellular Telephone.

51.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty calls to Mr. Sotirakis' Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page 8 of 26

52.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Mr. Sotirakis' Cellular Telephone.

53.     At least one call that Debt Collector placed to Mr. Sotirakis' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

54.     At least one call that Debt Collector placed to Mr. Sotirakis' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

55.     At least one call that Debt Collector placed to Mr. Sotirakis' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

56.     At least one call that Debt Collector placed to Mr. Sotirakis' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

57.     At least one call that Debt Collector placed to Mr. Sotirakis' Cellular Telephone was made using a prerecorded voice.

58.     Debt Collector has recorded at least one conversation with Mr. Sotirakis.

59.     Debt Collector has recorded more than one conversation with Mr. Sotirakis.

60.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Sotirakis, for its financial gain.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **9** of 26

61.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Sotirakis' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

62.     The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Sotirakis, despite individuals like Mr. Sotirakis revoking any consent that Debt Collector believes it may have to place such calls.

63.     Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Sotirakis' Cellular Telephone.

64.     Debt Collector has corporate policies to abuse and harass consumers like Mr. Sotirakis.

65.     Debt Collector has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

66.     Debt Collector has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **10** of 26

67.     Debt Collector's phone calls harmed Mr. Sotirakis by causing him embarrassment.

68.     Debt Collector's phone calls harmed Mr. Sotirakis by being annoying and causing him aggravation.

69.     Debt Collector's phone calls harmed Mr. Sotirakis by causing him emotional distress.

70.     Debt Collector's phone calls harmed Mr. Sotirakis by invading his privacy.

71.     Debt Collector's phone calls harmed Mr. Sotirakis by causing him to lose sleep.

72.     Debt Collector's phone calls harmed Mr. Sotirakis by causing him stress.

73.     Debt Collector's phone calls harmed Mr. Sotirakis by causing him anxiety.

74.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.   Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b.   Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c.   Awarding Plaintiff costs;

d.   Ordering an injunction preventing further wrongful contact by the Debt Collector; and

e.   Any other and further relief as this Court deems just and equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **11** of **26**

### *Count 2: Violation of the Telephone Consumer Protection Act*
### *(as against Debt Owner)*

75.     Mr. Sotirakis re-alleges paragraphs 1-40 and incorporates the same herein by reference.

76.     At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

77.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

78.     Mr. Sotirakis revoked consent to have Debt Collector call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message when he expressly told Debt Collector to stop calling him in March of 2018.

79.     Despite this revocation of consent, Debt Collector thereafter called Mr. Sotirakis' Cellular Telephone at least twenty (20) times.

80.     Debt Collector did not place any emergency calls to Mr. Sotirakis' Cellular Telephone.

81.     Debt Collector willfully and knowingly placed non-emergency calls to Mr. Sotirakis' Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **12** of 26

82.     Mr. Sotirakis knew that Debt Collector called Mr. Sotirakis' Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Debt Collector on his cellular telephone before a live representative of Debt Collector came on the line.

83.     Mr. Sotirakis knew that Debt Collector called Mr. Sotirakis' Cellular Telephone using a prerecorded voice because Debt Collector left Mr. Sotirakis at least one voicemail using a prerecorded voice.

84.     Debt Collector used an ATDS when it placed at least one call to Mr. Sotirakis' Cellular Telephone.

85.     Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Mr. Sotirakis' Cellular Telephone.

86.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty calls to Mr. Sotirakis' Cellular Telephone.

87.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Mr. Sotirakis' Cellular Telephone.

88.     At least one call that Debt Collector placed to Mr. Sotirakis' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

89.     At least one call that Debt Collector placed to Mr. Sotirakis' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **13** of 26

90.     At least one call that Debt Collector placed to Mr. Sotirakis' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

91.     At least one call that Debt Collector placed to Mr. Sotirakis' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

92.     At least one call that Debt Collector placed to Mr. Sotirakis' Cellular Telephone was made using a prerecorded voice.

93.     Debt Collector has recorded at least one conversation with Mr. Sotirakis.

94.     Debt Collector has recorded more than one conversation with Mr. Sotirakis.

95.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Sotirakis, for its financial gain.

96.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Sotirakis' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

97.     The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Sotirakis, despite individuals like

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **14** of **26**

Mr. Sotirakis revoking any consent that Debt Collector believes it may have to place such calls.

98.     Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Sotirakis' Cellular Telephone.

99.     Debt Collector has corporate policies to abuse and harass consumers like Mr. Sotirakis.

100.    Debt Collector has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

101.    Debt Collector has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

102.    Debt Collector's phone calls harmed Mr. Sotirakis by causing him embarrassment.

103.    Debt Collector's phone calls harmed Mr. Sotirakis by being annoying and causing him aggravation.

104.    Debt Collector's phone calls harmed Mr. Sotirakis by causing him emotional distress.

105.    Debt Collector's phone calls harmed Mr. Sotirakis by invading his privacy.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **15** of 26

106.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him to lose sleep.

107.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him stress.

108.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him anxiety.

109.   All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a.   Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b.   Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c.   Awarding Plaintiff costs;

d.   Ordering an injunction preventing further wrongful contact by the Debt Owner, including through agents such as Debt Collector; and

e.   Any other and further relief as this Court deems just and equitable.

### *Count 3: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)*

110.   Mr. Sotirakis re-alleges paragraphs 1-40 and incorporates the same herein by reference.

111.   Mr. Sotirakis is a "consumer" within the meaning of the FDCPA.

112.   The subject debt is a "consumer debt" within the meaning of the FDCPA.

113.   Debt Collector is a "debt collector" within the meaning of the FDCPA.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **16** of 26

114.    Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

a.   Debt Collector violated 15 U.S.C. § 1692c(a) by contacting Mr. Sotirakis after Debt Collector knew Mr. Sotirakis was represented by Attorney with respect to such Debt and had knowledge of, or could readily ascertain, such Attorney's name and address.

b.   Debt Collector violated 15 U.S.C. § 1692c (b) by calling Mr. Sotirakis' Mother's Cellular Telephone with respect to the Debt.

c.   Debt Collector violated 15 U.S.C. § 1692c (b) by calling Mr. Sotirakis' Accountant's Cellular Telephone with respect to the debt.

d.   Debt Collector violated 15 U.S.C. § 1692d (5) by causing Plaintiff's telephone to ring continuously despite Mr. Sotirakis' several demands to stop calling his Cellular Telephone, which can reasonably be expected to harass Mr. Sotirakis.

e.   Debt Collector violated 15 U.S.C. § 1692d (6) by calling Mr. Sotirakis' Cellular Telephone, Mr. Sotirakis' Mother's Cellular Telephone, and Mr. Sotirakis' Accountant's Cellular Telephone with a spoofed number, without

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **17** of **26**

meaningful disclosure of Debt Collector's identity, which can reasonably be expected to harass Mr. Sotirakis.

f.   Debt Collector violated 15 U.S.C. § 1692e (10) by misrepresenting the right to collect on an alleged Debt for the defective Product.

115.   As a result of the above violations of the FDCPA, Mr. Sotirakis has been subjected to illegal collection activities for which he has been damaged.

116.   Debt Collector's actions have damaged Mr. Sotirakis by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Sotirakis was represented by Attorney with respect to the Debt.

117.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him embarrassment.

118.   Debt Collector's phone calls harmed Mr. Sotirakis by being annoying and causing him aggravation.

119.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him emotional distress.

120.   Debt Collector's phone calls harmed Mr. Sotirakis by invading his privacy.

121.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him to lose sleep.

122.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him stress.

123.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him anxiety.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **18** of 26

124.   It has been necessary for Mr. Sotirakis to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

125.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees; and

    d.   Any other and further relief as this Court deems just and equitable.

### _Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)_

126.   Mr. Sotirakis re-alleges paragraphs 1-40 and incorporates the same herein by reference.

127.   Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated Fla. Stat. § 559.72(5) by disclosing to Mr. Sotirakis' Mother information affecting Mr. Sotirakis' reputation, whether or not for credit worthiness, with knowledge or reason to know that Mr. Sotirakis' Mother does not have a legitimate business need for the information or that the information is false.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC_
Page **19** of 26

b.  Debt Collector violated Fla. Stat. § 559.72(5) by disclosing to Mr. Sotirakis' Accountant information affecting Mr. Sotirakis' reputation, whether or not for credit worthiness, with knowledge or reason to know that Mr. Sotirakis' Accountant does not have a legitimate business need for the information or that the information is false.

c.  Debt Collector violated Fla. Stat. § 559.72(7) causing Mr. Sotirakis' telephone to ring continuously despite Mr. Sotirakis' several demands that Debt Collector stop calling his Cellular Telephone, which can reasonably be expected to harass Mr. Sotirakis.

d.  Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the right to collect on an alleged Debt for the defective Product.

e.  Debt Collector violated Fla. Stat. § 559.72(15) by calling Mr. Sotirakis' Cellular Telephone, Mr. Sotirakis' Mother's Cellular Telephone, and Mr. Sotirakis' Accountant's Cellular Telephone with a spoofed number, without meaningful disclosure of Debt Collector's identity, which can reasonably be expected to harass Mr. Sotirakis.

f.  Debt Collector violated Fla. Stat. § 559.72(18) by contacting Mr. Sotirakis after Debt Collector knew Mr.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **20** of 26

Sotirakis was represented by Attorney with respect to such

Debt and had knowledge of, or could readily ascertain,

such Attorney's name and address.

128.   As a result of the above violations of the FCCPA, Mr. Sotirakis has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

129.   Debt Collector's actions have damaged Mr. Sotirakis by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Sotirakis is represented by Attorney with respect to the Debt.

130.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him embarrassment.

131.   Debt Collector's phone calls harmed Mr. Sotirakis by being annoying and causing him aggravation.

132.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him emotional distress.

133.   Debt Collector's phone calls harmed Mr. Sotirakis by invading his privacy.

134.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him to lose sleep.

135.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him stress.

136.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him anxiety.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **21** of 26

137.    It has been necessary for Mr. Sotirakis to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

138.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b.   Awarding actual damages;

    c.   Awarding punitive damages;

    d.   Awarding costs and attorneys' fees;

    e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.   Any other and further relief as this Court deems just and equitable.

### *Count 5: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

139.    Plaintiff re-alleges paragraphs 1-40 and incorporates the same herein by reference.

140.    At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

141.    Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated Fla. Stat. § 559.72(5) by disclosing to Mr. Sotirakis' Mother information affecting Mr.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **22** of 26

Sotirakis' reputation, whether or not for credit worthiness, with knowledge or reason to know that Mr. Sotirakis' Mother does not have a legitimate business need for the information or that the information is false.

b.  Debt Collector violated Fla. Stat. § 559.72(5) by disclosing to Mr. Sotirakis' Accountant information affecting Mr. Sotirakis' reputation, whether or not for credit worthiness, with knowledge or reason to know that Mr. Sotirakis' Accountant does not have a legitimate business need for the information or that the information is false.

c.  Debt Collector violated Fla. Stat. § 559.72(7) causing Mr. Sotirakis' telephone to ring continuously despite Mr. Sotirakis' several demands that Debt Collector stop calling his Cellular Telephone, which can reasonably be expected to harass Mr. Sotirakis.

d.  Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the right to collect on an alleged Debt for the defective Product.

e.  Debt Collector violated Fla. Stat. § 559.72(15) by calling Mr. Sotirakis' Cellular Telephone, Mr. Sotirakis' Mother's Cellular Telephone, and Mr. Sotirakis' Accountant's Cellular Telephone with a spoofed number, without

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **23** of 26

meaningful disclosure of Debt Collector's identity, which

can reasonably be expected to harass Mr. Sotirakis.

f.   Debt Collector violated Fla. Stat. § 559.72(18) by

contacting Mr. Sotirakis after the Debt Collector knew Mr.

Sotirakis was represented by Attorney with respect to such

Debt and had knowledge of, or could readily ascertain,

such Attorney's name and address.

142.   As a result of the above violations of the FCCPA, Mr. Sotirakis has been

subjected to unwarranted and illegal collection activities and harassment for which he has

been damaged.

143.   Debt Collector's actions have damaged Mr. Sotirakis by violating his right

to not be contacted directly regarding the Debt when Debt Collector had actual

knowledge that Mr. Sotirakis is represented by Attorney with respect to the Debt.

144.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him

embarrassment.

145.   Debt Collector's phone calls harmed Mr. Sotirakis by being annoying and

causing him aggravation.

146.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him

emotional distress.

147.   Debt Collector's phone calls harmed Mr. Sotirakis by invading his

privacy.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **24** of 26

148.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him to lose sleep.

149.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him stress.

150.   Debt Collector's phone calls harmed Mr. Sotirakis by causing him anxiety.

151.   It has been necessary for Mr. Sotirakis to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

152.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b.   Awarding actual damages;

    c.   Awarding punitive damages;

    d.   Awarding costs and attorneys' fees;

    e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    g.   Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Paul Sotirakis, demands a trial by jury on all issues so triable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **25** of 26

Respectfully submitted this **May 30, 2019**,

/s/ *Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ *Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Sotirakis v. Recovery One and Safe Step Walk In Tub, LLC*
Page **26** of 26